UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JELBER ROLANDO BOTELLO HERNANDEZ, | CASE NO. C26-0666JLR |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR, | |
| Respondent. | |

## I.   INTRODUCTION

Before the court is *pro se* Petitioner Jelber Rolando Botello Hernandez's petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Pet. (Dkt. # 6).)  The Government[1] opposes the petition.  (Return (Dkt. # 10).)  Petitioner did not file a traverse.  (*See*

---

[1] The Federal Respondent is United States Immigration and Customs Enforcement ("ICE") Field Office Director (herein referenced as the "Government").

ORDER - 1

*generally* Dkt.)  The court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES the petition.

## II.    BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States in 2005. (Correa Decl. (Dkt. # 11) ¶ 11.)  Since July 31, 2024, the Government has detained Petitioner at the Northwest ICE Processing Center ("NWIPC") pending his removal to Guatemala.  (Pet. at 1[2].)  On July 13, 2012, ICE encountered Petitioner at the Sacramento, California, County Jail where he was detained for public intoxication. (Correa Decl. ¶ 4.)  At that time, ICE (1) took custody of Petitioner, (2) served him a Notice to Appear ("NTA"), and (3) following a credible fear interview, released Petitioner under prosecutorial discretion.  (*Id*. ¶ 4.)  In 2014 and 2015, Petitioner pleaded *Nolo Contendere* to two DUI charges and the Superior Court of California, County of Sacramento sentenced him to serve two days and 20 days in jail, respectively.  (*Id*. ¶¶ 5-6.)  On November 17, 2015, ICE encountered Petitioner at the Rio Consumnes Correctional Center in Sacramento, California, when he surrendered to serve his second sentence for DUI.  (*Id*. ¶ 7.)  A few days later, Petitioner expressed a fear of being removed to Guatemala and ICE served Petitioner a NTA and a Notice of Custody Determination.  (*Id*.; Daley Decl. (Dkt. # 12) ¶ 2, Ex. 1 (Nov. 2015 NTA).)  Petitioner requested that an IJ review his custody determination.  (Correa Decl. ¶ 7.)

---

[2] Here the court cites to the CM/ECF page number.

ORDER - 2

On December 7, 2015, an IJ with the San Francisco, California, Immigration Court ordered Petitioner's release from custody under bond of $2,500 and that Petitioner be required to attend Alcoholics Anonymous meetings at least 2 times per week.  (*Id*. ¶ 8; Daley Decl. ¶ 2, Ex. 2 (Dec. 2015 IJ Order).)  Both parties waived their right to appeal.  (*Id*.)  On December 11, 2015, the Government released Petitioner from federal custody.  (*Id*.)

In October 2016, Petitioner applied for a U nonimmigrant status and for advanced permission to enter as a nonimmigrant with the United States Citizenship and Immigration Services ("USCIS").  (*Id*. ¶ 9.)  On April 29, 2022, USCIS denied both applications.  (*Id*.)  In 2017, Petitioner twice moved the San Francisco Immigration Court to administratively close his case based on his filing of a U nonimmigrant status application.  (*Id*. ¶ 10.)  On December 17, 2017, the IJ approved his request and administratively closed Petitioner's case.  (*Id*.)  Subsequently, in May 2019, the IJ ordered Petitioner's case recalendared.  (*Id*. ¶ 11.)

On September 27, 2019, the Sacramento Superior Court convicted Petitioner of felony Forcible Rape and Lewd and Lascivious Act with a Minor Under 14 Years of Age and sentenced him to eight years of incarceration at San Quentin State Prison.  (*Id*. ¶ 12.)  Subsequently, Petitioner successfully moved the San Francisco Immigration Court to administratively close his immigration case.  (*Id*.)

On July 30, 2024, Petitioner completed his prison sentence, and the Government took custody of Petitioner.  (*Id*. ¶ 13.)  Petitioner again expressed a fear of returning to Guatemala.  (*Id*.)  On the same day, DHS successfully moved the San Francisco

ORDER - 3

Immigration Court to recalendar Petitioner's case. (*Id*. ¶ 14.) On July 31, 2024, the Government transferred Petitioner to NWIPC, where he has since remained. (*Id*. ¶ 15.)

In November 2024, an IJ determined that Petitioner is mentally incompetent to represent himself and ordered that a Qualified Representative be assigned to the matter. (*Id*. ¶ 16; Daley Decl. ¶ 2, Ex. 6 (Nov. 2024 IJ Order).) That same month, Petitioner applied for asylum, withholding of removal, and protection under the Convention against Torture ("CAT") with the Tacoma Immigration Court. (Correa Decl. ¶ 17.) The Government represents that Petitioner is a *Franco-Gonzalez v. Holder* class member and, pursuant to such membership, DHS filed a bond redetermination request. (*Id*. ¶ 18); No. C10-02211 DMG DTBX, 2013 WL 8115423, at *2 (C.D. Cal. Apr. 23, 2013). *Franco-Gonzalez* is a class action brought on behalf of immigration detainees with severe mental disabilities in Arizona, California, and Washington that resulted in a permanent injunction requiring the Government to (1) appoint qualified representatives for class members deemed incompetent to represent themselves in removal proceedings and (2) provide timely bond determination hearings for class members detained in excess of 180 days. *Franco-Gonzalez*, 2013 WL 8115423, at *2. On January 30, 2026, finding that Petitioner represented a danger to the community and a flight risk, the IJ denied Petitioner's request for bond. (*Id*. ¶ 19.) Both parties waived appeal. (*Id*.)

On May 7, 2025, the Tacoma Immigration Court denied all of Petitioner's requested relief and ordered Petitioner removed to Guatemala. (*Id*. ¶ 20; Daley Decl. ¶ 2, Ex. 7 (May 2025 IJ Order).) Later that month, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"), which the BIA dismissed in October 2025.

ORDER - 4

(Correa Decl. ¶¶ 21-22.)  On October 27, 2025, Petitioner appealed the BIA's decision to the Ninth Circuit Court of Appeals and requested a stay.  (*Id.* ¶ 23.)  On January 22, 2026, the Ninth Circuit denied Petitioner's Petition for Review and lifted the stay.  (*Id.*)  On March 23, 2026, the Ninth Circuit issued the final mandate to DHS.  (*Id.* ¶ 24.)  The Government represents that it has coordinated with Petitioner's Qualified Representative to facilitate Petitioner's removal to Guatemala.  (*Id.*)

On March 11, 2026, Petitioner filed the instant petition for writ of habeas corpus pursuant to 8 U.S.C. § 2241.  (Pet.)  Petitioner seeks his immediate release or, in the alternative, a bond hearing.  (Id. at 2.)  The petition is now fully briefed and ripe for the court's consideration.

### III.   ANALYSIS

Petitioner asserts that his continued detention violates his due process rights because (1) the Government failed to appoint an attorney to assist with his appeal of the BIA's decision to the Ninth Circuit and (2) the Tacoma Immigration Court rejected his petition for relief under the CAT and his claim of fear of removal to Guatemala.  (Pet. at 5.)  The court declines to grant the habeas petition on these bases.

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper mechanism to challenge the legality of Petitioner's detention pending a final order of removal.  28 U.S.C. § 2241(c)(3).  It is not, however, the proper vehicle to bring claims "linked to the order of removal[.]"  *Martinez v. Napolitano*,  704 F.3d 620, 622-23 (9th Cir. 2012).  Section 1252(a)(5) provides that "a petition for review filed with an

appropriate court of appeals. . . [is] the sole and exclusive means for judicial review of an order of removal[.]"  8 U.S.C. § 1252(a)(5).

Here, Petitioner challenges the sufficiency of the proceedings related to his asylum, withholding of removal, and CAT claim.  (*See generally* Pet.; *see also* Pet. at 4 (stating that Petitioner is challenging his "deportation" rather than his continued detention).)  Because Petitioner challenges the procedure and substance of an agency determination inextricably linked to the order of removal, the court determines that it lacks jurisdiction to consider such a challenge.  *See Nakaranurack v. U.S.*, 68 F.3d 290, 293 (9th Cir. 1995) ("Section 106(a) of the [Immigration and Nationality Act] provides that a[] [noncitizen] wishing to challenge a final decision of the BIA must directly petition a federal court of appeals to review the BIA's decision.") (citing 8 U.S.C. § 1105a(a))).  Petitioner provides no legal arguments pertaining to his individual circumstances and qualifications for bond.  (*See generally* Pet. (providing only arguments and authority related to the sufficiency of immigration proceedings).)

Therefore, the court declines to grant Petitioner the relief sought as to his current immigration case.

## IV.   CONCLUSION

The petition for a writ of habeas corpus (Dkt. # 6) is DENIED.

Dated this 7th day of April, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 6